# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------X

BRITTANY HOGENCAMP,

                Plaintiff,

-against-

GERALDINE JEAN, D.O. AND HUDSON RIVER
HEALTHCARE, INC.,

                Defendants.

------------------------------------------------------------------X

Filing Date:

Index No.

Plaintiff designates
Dutchess County the
as place of trial

The basis of venue is
Plaintiff's residence

SUMMONS

Plaintiffs reside at
4 Kent Road
Wappingers Falls, NY

County of Dutchess

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after service of a copy of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, NY
       October 23, 2019

FIEDLER DEUTSCH, LLP
By: DUANE M. FIEDLER
Attorney for Plaintiffs
81 Main Street
White Plains, NY 10601
914-993-0393

Defendant's address
GERALDINE JEAN, D.O.-75 Washington Street, Poughkeepsie, NY 12601
HUDSON RIVER HEALTHCARE, INC.-1037 Main Street, Peekskill, NY 10566

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------X

BRITTANY HOGENCAMP,

                Plaintiff,                VERIFIED COMPLAINT

   -against-

GERALDINE JEAN, D.O. AND HUDSON
RIVER HEALTHCARE, INC.,

                Defendant.

------------------------------------------------------------------X

      Plaintiff, complaining of defendants, by her attorney, DUANE M. FIEDLER, ESQ., upon information and belief, respectfully alleges that:

### FIRST CAUSE OF ACTION

      FIRST: At all times herein mentioned, defendant, GERALDINE JEAN, D.O., was an osteopath licensed to practice osteopathy in New York State.

      SECOND: At all times herein mentioned, defendant, GERALDINE JEAN, D.O. was an agent, servant and/or employee of defendant, HUDSON RIVER HEALTHCARE, INC.

      THIRD: At all times herein mentioned, defendant, HUDSON RIVER HEALTHCARE, INC., was and is a domestic corporation organized and existing under and by virtue of New York State law.

      FOURTH: At all times herein mentioned, defendant, HUDSON RIVER HEALTHCARE, INC. owned, operated, managed, controlled, staffed and maintained a medical facility known as HUDSON RIVER HOMECARE, INC.

FIFTH: Plaintiff, BRITTANY HOGENCAMP was a patient of defendants from on or about January 31, 2019 to on or about April 19, 2019.

SIXTH: Defendants, their agents, servants and/or employees rendered medical care and treatment to plaintiff.

SEVENTH: At all times herein mentioned, defendants, their agents, servants and/or employees owed a duty to care for and treat plaintiff in accordance with good and accepted community standards.

EIGHTH: Defendants, their agents, servants and/or employees were negligent and careless in the medical care and treatment of plaintiff.

NINTH: As a result of the aforementioned, plaintiff sustained severe and serious personal injury, conscious pain and suffering, mental anguish, emotional distress, psychological trauma and loss of enjoyment of life, all of a permanent nature.

TENTH: The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

ELEVENTH: Plaintiff, repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint numbered "FIRST" through "TENTH", as if set forth at length hereat.

TWELFTH: Defendants failed to inform plaintiff of the risks, hazards and alternatives connected with the treatment rendered, so that an informed consent could be given.

THIRTEENTH: Reasonably prudent persons in plaintiff's position would not have undergone the treatment utilized if fully informed of the risks, hazards and alternatives connected with the treatment.

FOURTEENTH: The failure to adequately and fully inform plaintiff of the risks, hazards and alternatives of the treatment utilized was a proximate cause of plaintiff's injuries.

FIFTEENTH: As a consequence of the foregoing, there was no informed consent to the treatment utilized.

SIXTEENTH: The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants in such sums as the jury finds fair, adequate and just.

Yours, etc.

FIEDLER DEUTSCH, LLP

By: _____
DUANE M. FIEDLER
Attorney for Plaintiff
81 Main Street
White Plains, NY 10601
914-993-0393

## VERIFICATION

DUANE M. FIEDLER, an attorney duly admitted to practice in the Courts of this state, affirms the following under the penalty of perjury.

I represent plaintiffs.

I have read the foregoing complaint and know the contents thereof, and upon information and belief, believe the matters alleged therein to be true.

The reason this verification is made by counsel and not by plaintiffs is that plaintiffs reside in a County other than the one in which counsel maintains his office.

The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

Dated: White Plains, NY
       October 23, 2019

_____
DUANE M. FIEDLER